**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

EUGENE ALEXANDER,

       Petitioner,

v.                                   CASE NO. 11-10286

BLAINE LAFLER,

       Respondent.

_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF
HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY**

Michigan prisoner Eugene Alexander ("Petitioner") has filed a *pro se* petition for

a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted of

second-degree murder, Mich. Comp. Laws § 750.317, assault with intent to commit

murder, Mich. Comp. Laws § 750.83, and possession of a firearm during the

commission of a felony, Mich. Comp. Laws § 750.227b, following a jury trial in the

Wayne County Circuit Court. He was sentenced in 2007 to 18-to-30 years'

imprisonment on the murder conviction, a concurrent term of 15-to-25 years'

imprisonment on the assault conviction, and a consecutive term of two years

imprisonment on the felony firearm conviction. In his petition, he raises claims

concerning the bindover decision, the jury instructions, the pre-trial identification

procedures, the composition of the jury, the conduct of the prosecutor, and the

testimony of a witness. Respondent opposes the petition. For the reasons set forth,

both the petition and a certificate of appealability will be denied.

**I. FACTUAL AND PROCEDURAL HISTORY**

Petitioner's convictions arise from a shooting that occurred in Detroit, Michigan,

on September 18, 2006.  The Michigan Court of Appeals described the basic facts,

which are presumed correct on habeas review, 28 U.S.C. § 2254(e)(1); *Wagner v.

Smith*, 581 F.3d 410, 413 (6th Cir. 2009), as follows:

> Defendant's convictions arise from a September 18, 2006 shooting during
> an argument between neighborhood friends in Detroit, Michigan. Evan
> Shaw was killed and William Lee was injured. Defendant testified at trial
> and admitted shooting the victims, but argued that he acted in
> self-defense. Both Lee and Richard Quattlebaum testified that on the day
> of the shooting, they had been with Shaw, whose grandfather had died
> the previous day. At one point, Lee and Quattlebaum were walking in the
> neighborhood and saw defendant, who was with others. Lee and
> defendant exchanged some words, and defendant allegedly said
> something disparaging about the death of Shaw's grandfather.
> Quattlebaum testified that defendant pulled a gun on Lee, although Lee
> did not testify that defendant brandished a weapon. Quattlebaum and Lee
> left and walked up the block, where they saw Shaw and told him about
> defendant's comment. Shaw was angry, and the three men walked back
> to where defendant was standing in order for Shaw to confront defendant.
> Shaw and defendant argued about what defendant supposedly said about
> Shaw's grandfather, and Shaw invited defendant to fight. Quattlebaum
> testified that defendant walked behind him to get closer to Shaw. Shaw
> then told defendant that he knew defendant had a gun, but that defendant
> would not shoot him because defendant knew "who [Shaw's] peoples
> are." According to Quattlebaum, defendant pulled out his gun and started
> shooting at Lee and Shaw. Quattlebaum testified that defendant was the
> only person with a weapon. Defendant testified, however, that Shaw
> pushed him, so he pushed Shaw causing him to fall. Shaw then allegedly
> told Lee to "shoot the nigger," which caused defendant to respond by
> shooting Shaw and Lee. Defendant claimed that both Shaw and Lee had
> weapons, although only Shaw actually pulled out his gun and fired.
> Defendant shot Shaw four times, once in the back, and shot Lee twice.
> Defendant fled the scene and was arrested in February 2007, in
> Muskegon, Michigan.

*People v. Alexander*, No. 281667, 2009 WL 1139249, *1 (Mich. Ct. App. April 28,

2009).

Following his convictions and sentencing, Petitioner filed an appeal of right with

the Michigan Court of Appeals, raising the same claims presented on habeas review.

The court affirmed Petitioner's convictions.  Petitioner filed an application for leave to

2

appeal with the Michigan Supreme Court, which was denied. *People v. Alexander*, 777

N.W.2d 139 (2010).

Petitioner thereafter filed his federal habeas petition raising the following claims:

I.     The trial court erred as a matter of law by denying the motion to
       quash as the evidence was insufficient to bind him over on the
       charges of first degree murder at the preliminary examination and
       by not granting his request for a voluntary manslaughter instruction
       following the court's granting of his motion for directed verdict.

II.    He was denied his due process rights to a fair trial based on the
       use of an unduly suggestive one photo lineup in which there was
       no attorney present to supervise the proceedings.

III.   The trial court violated his state and federal constitutional rights to
       equal protection and a jury drawn from a cross-section of the
       community when only five out of the fifty-two potential jurors were
       African American.

IV.    The prosecution's repeated acts of misconduct prejudiced him and
       denied him his due process right to a fair trial.

V.     He was denied his due process right to a fair trial when the
       prosecution called a witness who admitted that his earlier
       statement had been coerced by a police threat of arrest for an
       unrelated charge unless he testified against Petitioner for the sole
       purpose of entering the earlier statement into the trial record.

Respondent has filed an answer to the petition contending that it should be denied

because the claims lack merit and certain claims are barred by procedural default.

## II.  STANDARD

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA"), codified 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed

his petition after the AEDPA's effective date. *Lindh v. Murphy*, 521 U.S. 320, 336

(1997). The AEDPA provides:

An application for a writ of habeas corpus on behalf of a person in
custody pursuant to the judgment of a State court shall not be granted

3

        with respect to any claim that was adjudicated on the merits in State
        court proceedings unless the adjudication of the claim—

        (1)     resulted in a decision that was contrary to, or involved an
                  unreasonable application of, clearly established Federal law, as
                  determined by the Supreme Court of the United States; or

        (2)     resulted in a decision that was based on an unreasonable
                  determination of the facts in light of the evidence presented in
                  the State court proceeding.

28 U.S.C. §2254(d) (1996).

      "A state court's decision is 'contrary to' . . . clearly established law if it 'applies a

rule that contradicts the governing law set forth in [Supreme Court cases]' or if it

'confronts a set of facts that are materially indistinguishable from a decision of [the

Supreme] Court and nevertheless arrives at a result different from [that] precedent.'"

*Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*,

529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002).  "[T]he

'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to

'grant the writ if the state court identifies the correct governing legal principle from [the

Supreme] Court but unreasonably applies that principle to the facts of petitioner's

case."  *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at

413); *see also Bell*, 535 U.S. at 694.  However, "[i]n order for a federal court find a

state court's application of [Supreme Court] precedent 'unreasonable,' the state court's

decision must have been more than incorrect or erroneous.  The state court's

application must have been 'objectively unreasonable.'"  *Wiggins*, 539 U.S. at 520-21

(citations omitted); *see also Williams*, 529 U.S. at 409.  The "AEDPA thus imposes a

'highly deferential standard for evaluating state-court rulings,' and 'demands that

state-court decisions be given the benefit of the doubt.'"  *Renico v. Lett*, 559 U.S. 766

4

(2010) (quoting *Lindh*, 521 U.S. at 333, n. 7; *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

The Supreme Court has held that "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, ___ U.S. ___, 131 S. Ct. 770, 786 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003). Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* Thus, to obtain federal habeas relief, a state prisoner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court" and

5

citing cases).  Section 2254(d) "does not require a state court to give reasons before
its decision can be deemed to have been 'adjudicated on the merits.'"  *Harrington*, 131
S. Ct. at 785.  Furthermore, it "does not require citation of [Supreme Court]
cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long
as neither the reasoning nor the result of the state-court decision contradicts them."
*Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16.  While the
requirements of "clearly established law" are to be determined solely by Supreme
Court precedent, the decisions of lower federal courts may be useful in assessing the
reasonableness of the state court's resolution of an issue.  *See Stewart v. Erwin*, 503
F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir.
2003)); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

A state court's factual determinations are presumed correct on federal habeas
review.  28 U.S.C. § 2254(e)(1).  A petitioner may rebut this presumption only with
clear and convincing evidence.  *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).
Moreover, habeas review is "limited to the record that was before the state court."
*Cullen v. Pinholster*, ___ U.S. ___, 131 S. Ct. 1388, 1398 (2011).

### III.  DISCUSSION

### A.  Bind-Over Order

Petitioner first asserts that he is entitled to habeas relief because the state
courts erred in denying his motion to quash and binding him over on the charge of first-
degree murder where there was insufficient evidence to support such a charge.
Respondent contends that this claim is not cognizable and lacks merit.

The Michigan Court of Appeals denied relief on this claim, finding that Petitioner

6

failed to state a cognizable claim on appeal because he did not challenge the sufficiency of the evidence presented at trial to support his second-degree murder conviction and had not shown that he was otherwise prejudiced. The court also ruled that sufficient evidence was nonetheless presented at the preliminary examination to support the bind-over decision. *Alexander*, 2009 WL 1139249 at *1-2.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application thereof. The Supreme Court has held that the federal Constitution does not require that a probable cause hearing be conducted prior to a criminal trial. *Gerstein v. Pugh*, 420 U.S. 103, 119, 125 n. 26 (1975). Accordingly, the bind-over decision constitutes a state law issue that does not implicate a federal constitutional right and that is not subject to review in a federal habeas proceeding. *See Schacks v. Tessmer,* No. 00-1062, 2001 WL 523533, *6 (6th Cir. May 8, 2001) (refusing to review a state court determination that a second-degree murder conviction rendered a bind-over sufficiency of the evidence challenge moot); *Dorchy v. Jones*, 320 F. Supp. 2d 564, 578-79 (E.D. Mich. 2004) (denying habeas relief on a state prisoner's claim that there was insufficient evidence to bind him over for trial); *see also Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (ruling that habeas relief is not available for a violation of state law).[1] Habeas relief is not warranted on this claim.

**B. Jury Instructions**

Petitioner also asserts that he is entitled to habeas relief because the state trial

---

[1] Even under Michigan law, any error in the preliminary examination proceeding is considered harmless once a valid conviction has been obtained. *People v. Hall*, 460 N.W.2d 520, 525-27 (1990). Petitioner does not contest the sufficiency of the evidence presented at trial to support his convictions.

7

court erred in refusing to instruct the jury on voluntary manslaughter as a lesser offense to second-degree murder.  Respondent contends that this claim is not cognizable on habeas review and lacks merit.

In order for habeas relief to be warranted on the basis of an incorrect jury instruction, a petitioner must show more than that the instructions are undesirable, erroneous, or universally condemned.  Rather, taken as a whole, they must be so infirm that they rendered the entire trial fundamentally unfair.  *Estelle*, 502 U.S. at 72. The failure to give an instruction that is supported by the evidence does not automatically entitle a petitioner to habeas relief; the failure to instruct must have rendered the petitioner's trial fundamentally unfair.  *Cupp v. Naughten*, 414 U.S. 141, 147 (1973); *Daniels v. Lafler*, 501 F.3d 735, 741 (6th Cir. 2007).  A failure to instruct does not deprive a petitioner of fundamental fairness when the instructions as a whole adequately present the defense's theory to the jury.  *Duckett v. Godinez*, 67 F.3d 734, 743 (9th Cir. 1995).  "An omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law."  *Henderson*, 431 U.S. at 155.  State law instructional errors rarely form the basis for federal habeas relief.  *Estelle*, 502 U.S. at 71-72.

The Michigan Court of Appeals denied relief on this claim, finding that the voluntary manslaughter instruction was not warranted based upon a rational view of the evidence—specifically Petitioner's own testimony asserting that he feared for his life and acted in self-defense and denying that he was angry or mad when he shot the victims.  *Alexander*, 2009 WL 1139249 at *2-4.

The state court's decision is neither contrary to Supreme Court precedent nor

8

an unreasonable application of federal law or the facts.  The Supreme Court has declined to determine whether due process requires jury instructions on lesser included offenses in non-capital cases.  *Beck v. Alabama*, 447 U.S. 625, 638 n. 14 (1980).  In *Hopper v. Evans*, 456 U.S. 605, 611 (1982), the Supreme Court ruled that a capital defendant is entitled to a lesser included offense instruction only when there is evidence to support it.  The Supreme Court has since held that state courts are not constitutionally required to instruct capital case juries on crimes which are not lesser included offenses of the charged crime.  *Hopkins v. Reeves*, 524 U.S. 88, 90–91 (1998).  The Sixth Circuit has interpreted *Beck* to mean that "the Constitution does not require a lesser-included offense instruction in non-capital cases."  *Campbell v. Coyle*, 260 F.3d 531, 541 (6th Cir.2001) (citing *Bagby v. Sowders*, 894 F.2d 792, 795-97 (6th Cir.1990) (en banc)); *see also Scott v. Elo*, 302 F.3d 598, 606 (6th Cir. 2002); *Adams v. Smith*, 280 F. Supp. 2d 704, 717 (E.D. Mich. 2003).  Second-degree murder is a non-capital offense in Michigan.  Consequently, an instruction on voluntary manslaughter was not constitutionally-required.  Petitioner has thus failed to state a claim upon which habeas relief may be granted.

Moreover, even if Petitioner states a cognizable claim, he is not entitled to relief. The record indicates that the trial court accurately instructed the jury about the elements of the charged offenses, the burden of proof, self-defense, and other relevant matters.  The voluntary manslaughter instruction was not required under state law, nor as a matter of due process, because Petitioner's defense at trial was that he acted in self-defense, not that he acted in the heat of passion.  Petitioner's own trial testimony that he was not angry when he fired his weapon at the victims belies his

9

claim that the trial court should have instructed the jury on voluntary manslaughter.

Petitioner has failed to establish that the jury instructions, taken as a whole, rendered

his trial fundamentally unfair.  Habeas relief is not warranted on this claim.

### C.  Pre-Trial Identification

Petitioner next asserts that he is entitled to habeas relief due to the police's use

of an unduly suggestive one-photograph identification procedure conducted in the

absence of counsel.  Respondent contends that this claim is barred by procedural

default and lacks merit.

Federal habeas relief may be precluded on a claim that a petitioner has not

presented to the state courts in accordance with the state's procedural rules.

*Wainwright v. Sykes*, 433 U.S. 72, 85-87 (1977).  The doctrine of procedural default is

applicable when a petitioner fails to comply with a state procedural rule, the rule is

actually relied upon by the state courts, and the procedural rule is "adequate and

independent."  *White v. Mitchell*, 431 F.3d 517, 524 (6th Cir. 2006); *Howard v.*

*Bouchard*, 405 F.3d 459, 477 (6th Cir. 2005); *Coleman v. Mitchell,* 244 F.3d 533, 539

(6th Cir. 2001).  "A procedural default does not bar consideration of a federal claim on

either direct or habeas review unless the last state court rendering a judgment in the

case 'clearly and expressly' states that its judgment rests on a state procedural bar."

*Harris v. Reed*, 489 U.S. 255, 263-64 (1989).  The last *explained* state court judgment

is used to make this determination.  *Ylst v. Nunnemaker*, 501 U.S. 797, 803-05 (1991).

The Michigan Court of Appeals rendered the last reasoned opinion on this

claim.  In denying relief, the court relied upon the failure to raise the issue at trial.

*Alexander*, 2009 WL 1139249 at *4.  The failure to make a contemporaneous

objection is a recognized and firmly-established independent and adequate state law ground for refusing to review trial errors. *People v. Carines*, 597 N.W.2d 130, 138 (1999); *People v. Stanaway*, 521 N.W.2d 557, 579 (1994); *see also Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). Moreover, a state court does not waive a procedural default by looking beyond the default to determine if there are circumstances warranting review on the merits. *Paprocki v. Foltz*, 869 F.2d 281, 285 (6th Cir. 1989). Plain error review does not constitute a waiver of state procedural default rules. *Girts v. Yanai*, 501 F.3d 743, 755 (6th Cir. 2007); *Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001); *Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000). Nor does a state court fail to sufficiently rely upon a procedural default by ruling on the merits in the alternative. *McBee v. Abramajtys*, 929 F.2d 264, 267 (6th Cir. 1991). The Michigan Court of Appeals denied relief on this claim based upon a procedural default—the failure to raise the issue before or during trial.

A state prisoner who fails to comply with a state's procedural rules waives the right to federal habeas review absent a showing either of cause for noncompliance and actual prejudice resulting from the alleged constitutional violation, or of a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 753; *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996). To establish cause, a petitioner must establish that some external impediment frustrated his ability to comply with the state's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). A petitioner must present a substantial reason to excuse the default. *Amadeo v. Zant*, 486 U.S. 214, 223 (1988). Such reasons include interference by officials, attorney error rising to the level of ineffective assistance of counsel, or a showing that the factual or legal basis for a claim was not reasonably

11

available. *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991).

Petitioner neither alleges nor establishes cause to excuse this procedural default. The court need not address the issue of prejudice when a petitioner fails to establish cause to excuse a procedural default. *Smith v. Murray*, 477 U.S. 527, 533 (1986). Nonetheless, the court notes that Petitioner cannot establish prejudice as this claim lacks merit.

First, as discussed by the Michigan Court of Appeals in reviewing the claim for plain error, *Alexander*, 2009 WL 1139249 at *4, identity was not an issue in this case. Petitioner had been identified by name to the police. The police showed Richard Quattlebaum a photograph of Petitioner to confirm his identity. Quattlebaum knew Petitioner from the neighborhood and they were friends. Petitioner also admitted shooting the victims. Petitioner thus cannot establish that Quattlebaum's identification was unreliable or resulted from an impermissibly suggestive procedure. *See, e.g., United States v. Wade,* 388 U.S. 218, 241 (1967) (If a witness is exposed to an unduly suggestive pre-trial identification procedure, the witness's in-court identification must be suppressed unless the identification has an independent origin untainted by the suggestive pre-trial procedure); *United States v. Crozier,* 259 F.3d 503, 510 (6th Cir. 2001) (citing *Ledbetter v. Edwards*, 35 F.3d 1062, 1070 (6th Cir. 1994), and discussing the two-part test for determining the admissibility of identification testimony—suggestiveness and reliability). Second, there is no federal constitutional right to counsel at a photographic array, *United States v. Ash*, 413 U.S. 300, 321 (1973); *Van v. Jones*, 475 F.3d 292, 311 (6th Cir. 2007), and any right to counsel under state law, *People v. Hickman*, 684 N.W.2d 267 (2004), had not attached

12

because the array occurred before adversarial proceedings had begun.  Petitioner has

failed to show that the photographic identification was improper or prejudicial.

Petitioner has also not established that a fundamental miscarriage of justice has

occurred.  The miscarriage of justice exception requires a showing that a constitutional

violation probably resulted in the conviction of a person who is actually innocent.

*Murray v. Carrier*, 477 U.S. 478, 479-80 (1986).  To be credible, such a claim requires

a petitioner to provide new, reliable evidence that was not presented at trial.  *Schlup v.*

*Delo*, 513 U.S. 298, 324 (1995).  Moreover, actual innocence means factual

innocence, not mere legal insufficiency.  *Bousley v. United States*, 523 U.S. 614, 623

(1998).  Petitioner makes no such showing.  This claim is thus barred by procedural

default, lacks merit, and does not warrant habeas relief.

### D.  Jury Composition

Petitioner next asserts that he is entitled to habeas relief because he did not

have a jury drawn from a fair cross-section of the community.  Respondent contends

that this claim lacks merit.

Although a criminal defendant has no right to a *petit* jury composed in whole or

in part of persons of his own race, he does have the right to be tried by a jury whose

members are selected by non-discriminatory criteria.  *Powers v. Ohio*, 499 U.S. 400,

404 (1991); *Taylor v. Louisiana*, 419 U.S. 522, 527-28 (1975).  A defendant may not

challenge the makeup of a jury merely because no members of his race are on a jury,

but must prove that his race has been systematically excluded.  *Apocoda v. Oregon*,

406 U.S. 404, 413 (1972); *United States v. Mack*, 159 F.3d 208, 219 (6th Cir. 1998);

*Johnson v. Hofbauer*, 159 F. Supp. 2d 582, 598-99 (E.D. Mich. 2001).  To establish a

prima facie violation of the fair cross-section requirement, a criminal defendant must show that: (1) the group alleged to be excluded is a distinctive group in the community; (2) the representation of this group in the venire from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) this under-representation is due to systematic exclusion of the group in the jury-selection process. *Duren v. Missouri*, 439 U.S. 357, 364 (1979).

The Michigan Court of Appeals denied relief on this claim, finding that Petitioner had not shown that there was a problem in the Wayne County jury selection process that resulted in the systematic exclusion of African-Americans from the jury venire. *Alexander*, 2009 WL 1139249 at *5.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. Petitioner alleges that there were only five African-Americans in his 52-person jury pool, even though African-Americans comprised 40% of the population in Wayne County at the time of his trial. Even assuming that Petitioner's allegations are sufficient to meet the first two requirements, he has made no showing that this under-representation was the result of systematic exclusion. Non-responses to juror questionnaires and a court's failure to put forth additional effort to obtain responses from potential jurors are generally not considered systematic exclusions of a group from jury service. *Bates v. United States*, 473 F. App'x 446, 451-52 (6th Cir. April 2, 2012). "Non-responses . . . are not a problem 'inherent' to the jury selection procedures, but are the result of individual choice." *Id*. Likewise, the use of driver's license or personal identification card lists are "facially neutral" and allow no opportunity for racially-motivated exclusions. *United*

*States v. Greene*, 971 F. Supp. 1117, 1129 (E.D. Mich. 1997); *see also United States v. Riddle*, 691 F. Supp. 2d 737, 739-43 (E.D. Mich. 2010).

Petitioner's failure to present admissible evidence supporting a prima facie violation of the fair cross-section requirement defeats his claim.  *See United States v. Allen*, 160 F.3d 1096, 1103-04 (6th Cir. 1998) (no Sixth Amendment fair cross-section violation where defendants failed to meet second and third prongs of prima facie case).  "More than mere numbers must be provided to establish that African-Americans are systematically under-represented in the [jury] venire."  *United States v. Greene*, 971 F. Supp. 1117, 1128 (E.D. Mich. 1997).  Factors such as the nature of the process by which jury lists are composed and the length of time of under-representation, together with the strength of the evidence that purports to establish unfair and unreasonable representation, also need to be examined. *Id.* (*citing Ford v. Seabold*, 841 F.2d 677 (6th Cir. 1988)).  Petitioner has not shown that African-Americans were systematically excluded from jury service or that the selection process was not facially neutral in Wayne County at the time of his trial.  Habeas relief is not warranted on this claim.

### E.  Alleged Prosecutorial Misconduct

Petitioner also asserts that he is entitled to habeas relief because the prosecutor engaged in repeated acts of misconduct.  Specifically, he asserts that the prosecutor argued facts not in evidence and disparaged defense counsel.  Respondent contends that a portion of this claim is barred by procedural default and that the entire claim lacks merit.

The Supreme Court has made clear that prosecutors must "refrain from

improper methods calculated to produce a wrongful conviction." *Berger v. United States*, 295 U.S. 78, 88 (1935).  To prevail on a claim of prosecutorial misconduct, a habeas petitioner must demonstrate that the prosecutor's conduct or remarks "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974); *see also Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (citing *Donnelly*); *Parker v. Matthews*, ___ U.S. ___, 132 S. Ct. 2148, 2153 (2012) (confirming that *Donnelly/Darden* is the proper standard).

Petitioner asserts that the prosecutor argued facts not in evidence by referring to the six police officers who did not testify and by referring to him as a bully.  The Michigan Court of Appeals determined that the prosecutor's remarks about the waived police officers, when viewed in context, were made to refute defense counsel's claims and that Petitioner failed to properly brief the remaining portion of this claim. *Alexander*, 2009 WL 1139249 at *6 and n. 3.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application thereof.  A prosecutor may not misstate the evidence or assume the existence of prejudicial facts not in evidence.  *Darden*, 477 U.S. at 182; *Donnelly*, 416 U.S. at 646; *Hodge v. Hurley*, 426 F.3d 368, 380-81 (6th Cir. 2005).  In this case, the prosecutor's remarks about the non-testifying police officers were made in response to defense counsel's arguments that the prosecutor had failed, among other things, to present any officers to testify that they had checked the crime scene for weapons.  Considered in that context, the prosecutor's statement was not improper. A prosecutor is entitled to wide latitude in rebuttal argument to fairly respond to

16

defense counsel's arguments.  *Angel v. Overberg*, 682 F.2d 605, 607-08 (6th Cir. 1982) (en banc)).  Moreover, the trial court addressed the issue at trial, essentially sustaining defense counsel's objection by instructing the prosecutor to move forward. Petitioner has not shown that the prosecutor's brief remarks about the waived witnesses rendered his trial fundamentally unfair.

Petitioner has also not shown that the prosecutor's argument that Petitioner had "bullied" the victims was improper or unfair.  The prosecutor's argument was based upon reasonable inferences from the surviving victim's testimony, as well as Petitioner's own testimony.  A prosecutor may argue reasonable inferences from the evidence.  *Byrd v. Collins*, 209 F.3d 486, 535 (6th Cir. 2000).  Petitioner has not shown that the prosecutor's remarks were improper or that they denied him a fundamentally fair trial.[2]

Petitioner also asserts that the prosecutor denigrated defense counsel by suggesting that he was trying to mislead the jury by making "needless" objections. The Michigan Court of Appeals denied relief on this claim, finding that the trial court resolved the matter in Petitioner's favor at trial, that the jury's focus remained on the evidence, and that the trial court's instructions dispelled any potential prejudice to Petitioner.  *Alexander*, 2009 WL 1139249 at *7-8.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application thereof.  It is inappropriate for a prosecutor to make personal attacks on a defendant or defense counsel.  *United States v. Collins*, 78 F.3d

---

[2] Given this determination, the court need not address the procedural default issue for this portion of the claim.  Additionally, the court notes that it reaches this result under a deferential or *de novo* standard of review.

17

1021, 1040 (6th Cir. 1996).  Prosecutors may not "make unfounded and inflammatory attacks on the opposing advocate," *United States v. Young*, 470 U.S. 1, 9 (1985), "or argue that counsel is attempting to mislead the jury."  *West v. Bell*, 550 F.3d 542, 565 (6th Cir. 2008).  In this case, the record indicates that the prosecutor's comment about needless objections was made in the heat of advocacy and was not a personal attack on defense counsel or an argument that defense counsel was trying to mislead the jury.  More importantly, the trial court handled the matter properly at the time of trial, essentially ruling that defense counsel's objections were not needless.  Given such circumstances, Petitioner cannot establish that he was prejudiced or denied a fair trial.

In any event, to the extent that any of the prosecutor's remarks were improper, they were not so pervasive or misleading as to render the trial fundamentally unfair. Additionally, any potential prejudice to Petitioner was mitigated by the fact that the trial court properly instructed the jurors on the law, explained that the attorneys' comments were not evidence, and directed them to decide the case based solely on the evidence.  *See Hamblin v. Mitchell*, 354 F.3d 482, 495 (6th Cir. 2003); *Knapp v. White*, 296 F. Supp. 2d 766, 776 (E.D. Mich. 2003).  Jurors are presumed to follow the court's instructions.  *See Penry v. Johnson*, 532 U.S. 782, 799 (2001) (citing *Richardson v. Marsh*, 481 U.S. 200, 211 (1987)); *United States v. Powell*, 469 U.S. 57, 66 (1984) ("Jurors . . . take an oath to follow the law as charged, and they are expected to follow it.").  Petitioner has failed to establish that the prosecutor engaged in misconduct that rendered his trial fundamentally unfair.  Habeas relief is not warranted on this claim.

### F.  Alleged Witness Intimidation

Lastly, Petitioner asserts that he is entitled to habeas relief because the

18

prosecutor called Devon Jernigan to testify at trial, knowing that he had been coerced into making a police statement, for the sole purpose of entering that statement into the record.  Respondent contends that this claim is barred by procedural default and lacks merit.

As previously discussed, habeas relief may be precluded on claims that a petitioner has not presented to the state courts in accordance with the state's procedural rules.  *Wainwright*, 433 U.S. at 85.  Here, the Michigan Court of Appeals rendered the last reasoned opinion discussing this claim and, in denying relief, relied upon Petitioner's failure to raise the issue or object at trial.  *Alexander*, 2009 WL 1139249 at *8.

A state prisoner who fails to comply with a state's procedural rules waives the right to federal habeas review absent a showing of cause for noncompliance and actual prejudice resulting from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice.  *Coleman*, 501 U.S. at 753.  Petitioner has neither alleged nor established cause to excuse this procedural default.  Consequently, the court need not address the issue of prejudice.  *Smith*, 477 U.S. at 533.  Nonetheless, the court notes that Petitioner cannot establish prejudice as this claim lacks merit.

Under federal law, a criminal defendant does not have standing to challenge the voluntariness of a statement made by a witness to the police because the privilege against self-incrimination of the Fifth and Fourteenth Amendments is personal in nature and does not extend to third parties called as witnesses at trial.  *United States v. Nobles*, 422 U.S. 225, 234 (1975); *Berry v. Mintzes*, 529 F. Supp. 1067, 1075 (E.D. Mich. 1981).  While the Sixth Circuit has indicated that the use of a witness's coerced

19

testimony may violate a defendant's rights under the Due Process Clause of the Fourteenth Amendment, *see Bradford v. Johnson*, 476 F.2d 66 (6th Cir. 1973), the Supreme Court has not so ruled.  *See Samuel v. Frank*, 526 F.3d 566, 569 (7th Cir. 2008); *see also Johnson v. Bell*, 525 F.3d 466, 479-81 (6th Cir. 2008) (distinguishing *Webb v. Texas*, 409 U.S. 95 (1972), and *Washington v. Texas*, 388 U.S. 14 (1967), and denying relief on a claim that authorities coerced a witness into providing favorable prosecution testimony).  Federal habeas review is limited to a determination of whether the state court decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision.  28 U.S.C. § 2254(d)(1); *Williams*, 529 U.S. at 412; *Mitzel v. Tate*, 267 F.3d 524, 530-531 (6th Cir. 2001).  Petitioner has thus failed to state a claim upon which habeas relief may be granted as to this issue.

Moreover, even assuming that Petitioner states a due process claim, he is not entitled to relief.  As discussed by the Michigan Court of Appeals in reviewing the claim for plain error, *Alexander*, 2009 WL 1139249 at *8-9, the only evidence of witness coercion is Jernigan's claim that the police threatened to bring drug charges against him if he did not make a statement implicating Petitioner.  There is no evidence to corroborate this allegation.  The circumstances of Jernigan's police statement and testimony were brought out at trial such that the jury could assess his credibility.

Petitioner cites *Webb v. Texas* in support of his claim.  Petitioner's reliance upon *Webb* is misplaced.  In *Webb*, the Supreme Court held that a criminal defendant's rights to compulsory process and due process of law may be violated if a witness who is otherwise willing to testify is effectively coerced into invoking his Fifth

20

Amendment privilege against self-incrimination. *Webb*, 409 U.S. at 97-98. In order to establish a *Webb* violation, a petitioner "must show that the contact substantially interfered with any free and unhampered determination the witness might have had as to whether to testify." *United States v. Pierce*, 62 F.3d 818, 833 (6th Cir. 1995); *see also United States v. Emuegbunam*, 268 F.3d 377, 400 (6th Cir. 2001) (there is no prosecutorial interference with a defense witness's decision not to testify when the witness's concern about exposure to potential criminal liability, not government threats, motivated his decision). The present case is distinguishable. This is not a case in which government actions drove a defense witness from the stand, but rather involves the testimony of a prosecution witness and whether he told the truth. Petitioner cannot establish a *Webb* violation, because Jernigan testified at trial and did so favorably for the defense by repudiating his police statement implicating Petitioner in the crime. *See Johnson v. Renico*, 314 F. Supp. 2d 700, 710 (E.D. Mich. 2004) (ruling that habeas petitioner could not establish a due process violation based upon the government's alleged intimidation of a witness where the witness testified favorably for the defense). Petitioner has failed to establish a due process violation.

Furthermore, even if an error occurred, Petitioner is not entitled to relief. For purposes of federal habeas review, an error is considered harmless unless it had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993); *see also Fry v. Pliler*, 551 U.S. 112, 117–18 (2007) (confirming that *Brecht* standard applies in "virtually all" habeas cases; *Ruelas v. Wolfenbarger*, 580 F.3d 403, 411 (6th Cir. 2009) (ruling that *Brecht* is "always the test" in the Sixth Circuit). Any error associated with Jernigan's testimony was

21

harmless.  First, the jury was made aware of Jernigan's claim that the police coerced or intimidated him into implicating Petitioner in the shooting and could assess the credibility of his police statement and trial testimony.  Second, the trial court instructed the jury about the proper consideration of Jernigan's police statement.  Third, the prosecution presented significant evidence of Petitioner's guilt at trial—and Petitioner admitted shooting the victims (albeit claiming that he did so in self-defense).  Habeas relief is therefore not warranted on this claim.

Petitioner is also not entitled to relief on any claim that the prosecution presented false testimony from Devon Jernigan.  The Supreme Court has made clear that the "deliberate deception of a court and jurors by the presentation of known and false evidence is incompatible with the rudimentary demands of justice."  *Giglio v. United States*, 405 U.S. 150, 153 (1972).  Thus, "a conviction obtained by the knowing use of perjured testimony is fundamentally unfair, and must be set aside if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury."  *United States v. Agurs*, 427 U.S. 97, 103 (1976); *see also Napue v. Illinois*, 360 U.S. 264, 271 (1959); *Coe v. Bell*, 161 F.3d 320, 343 (6th Cir. 1998).  To prevail on a claim that a conviction was obtained with false evidence, a defendant must show that the statements were actually false, that the statements were material, and that the prosecutor knew or should have known that the statements were false.  *Coe*, 161 F.3d at 343.  A habeas petitioner bears the burden of proving that the testimony constituted perjury.  *Napue*, 360 U.S. at 270.

Petitioner makes no such showing.  Although Jernigan's testimony was certainly material, the record fails to demonstrate that he provided false testimony at trial.  The

22

fact that a witness contradicts himself or changes his story does not establish perjury.
*United States v. Wolny*, 133 F.3d 758, 763 (10th Cir. 1998); *United States v. Lebon*, 4
F.3d 1, 2 (1st Cir. 1993).  Petitioner has also failed to show that the prosecution
knowingly presented false testimony.  "While a prosecutor may not knowingly use
perjured testimony, a prosecutor is not required to ensure that prosecution witnesses'
testimony be free from all confusion, inconsistency, and uncertainty."  *Jackson v.
Lafler*, No. 06-cv-15676, 2009 WL 1313316, *12 (E.D. Mich. May 11, 2009).  There is
no evidence that the prosecution had reason to know, before Jernigan testified at trial,
that Jernigan would testify inconsistently with his police statement or that he would
deny the content of that statement.  Petitioner has thus failed to establish a
constitutional violation.

Lastly, as discussed earlier, Petitioner has not shown that a fundamental
miscarriage of justice has occurred.  *Schlup,* 513 U.S. at 324-27; *see also Bousley*,
523 U.S. at 624.  This claim is thus barred by procedural default, otherwise lacks merit,
and does not warrant federal habeas relief.

### IV. CERTIFICATE OF APPEALABILITY

Before Petitioner may appeal, a certificate of appealability must issue.  28
U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue
"only if the applicant has made a substantial showing of the denial of a constitutional
right."  28 U.S.C. § 2253(c)(2).  When a court denies a habeas claim on the merits, the
substantial showing threshold is met if the petitioner demonstrates that reasonable
jurists would find the court's assessment of the claim debatable or wrong.  *Slack v.
McDaniel*, 529 U.S. 473, 484-85 (2000).  "A petitioner satisfies this standard by

demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack*, 529 U.S. at 484-85.

Petitioner has neither made a substantial showing of the denial of a constitutional right nor made a procedural claim about which reasonable jurists could debate. Accordingly, no certificate of appealability will issue.

### V. CONCLUSION

IT IS ORDERED that the petition for a writ of habeas corpus is DENIED and DISMISSED WITH PREJUDICE and that a certificate of appealability is DENIED.


    s/Robert H. Cleland             
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: June 21, 2013


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 21, 2013, by electronic and/or ordinary mail.

    s/Carolyn Ciesla for Lisa Wagner     
Case Manager and Deputy Clerk
(313) 234-5522